**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-41156

MUGWORLD INC,

Plaintiff-Appellee

v.

G G MARCK AND ASSOCIATES INC,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CV-441

Before BENAVIDES, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

This is a breach of contract case. Defendant-Appellant, Marck, supplied nine containers of mugs to Plaintiff-Appellee, Mugworld, under a 2005 agreement. When issues over the mug quality arose, a series of e-mails were exchanged between the parties. After Mugworld returned the coffee mugs, a dispute over the credit due arose between the parties. When resolution of the problem deteriorated, Mugworld filed suit in Cooke County, Texas, and Marck had the case removed to the Eastern District of Texas predicated on diversity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mugworld's motion for summary judgment on Marck's counterclaims under the Lanham Act, unfair competition claims and related conspiracy claims was granted by the district court. The district court denied Mugworld's summary judgment motion on the construction of the new agreement between the parties and proceeded to a bench trial on the breach of contract claim and Texas Business and Commerce Code's Deceptive Trade Practice Act (DTPA) claim.

At trial, the district court found that an original agreement existed between Marck and Mugworld for the sale of nine containers of mugs but that the communications between Marck and Mugworld in the resolution of the dispute that subsequently arose acted as a novation. The district court determined that under the new agreement, Marck offered to credit Mugworld for all mugs deemed not acceptable to Mugworld upon the return of the mugs to Marck. Because Mugworld returned the mugs, the district court found that Mugworld accepted the new agreement. The district court stated that Marck's October 6, 2005 e-mail to Mugworld informing Mugworld that Marck would no longer issue a full credit for returned mugs was a breach the parties' new agreement by Marck; thus, the district court awarded breach of contract damages to Mugworld along with attorney's fees. The district court also found that Marck did not violate any sections of the DTPA but that Mugworld did not bring the claims in bad faith, and therefore, the court denied Marck's counterclaim under Section 17.50(c) of the DTPA for attorney's fees and costs.

We have jurisdiction over this case pursuant to 28 U.S.C. § 1291 because the district court entered final judgment on September 18, 2008. Marck insists that its Lanham Act and other related claims involved material facts that should have proceeded to trial. Marck contends that the novation only permitted Mugworld to return commercially unacceptable mugs, not all the coffee mugs, and asserts that the attorney's fees awarded were unreasonable.

We affirm the district court's judgment for the following reasons. As neither a Mugworld consumer or direct or indirect competitor, Marck lacked standing to bring a Lanham Act and unfair competition claim. *See Proctor & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 562-63 (5th Cir. 2001) (adopting a balancing test for statutory standing under the Lanham Act and considering the directness or indirectness of the asserted injury as one of five factors that must be weighed by the court); *see also Little v. KPMG LLP*, 575 F.3d 533, 541 (5th Cir. 2009) ("The competitors' claim of injury depends on several layers of decisions by third parties–at minimum, KPMG's Texas clients–and is too speculative to confer Article III standing."). Even if we assume standing exists, Marck failed to prove that it had been or was likely to be injured as a result of a Lanham Act violation and failed to raise a fact issue with respect to several elements of its claims, including that it was injured by Mugworld's conduct or that any deception actually deceived or had a tendency to deceive consumers and caused consumers to buy Mugworld's mugs over a competitor's. *See Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distrib. Co.,* 520 F.3d 393, 401 (5th Cir. 2008) ("[A]t least the likelihood of injury must be proven in this case even if only injunctive relief is to be ordered."). Marck did not offer non-speculative evidence to show even the likelihood of injury. The district court thus did not err in granting Mugworld's motion for summary judgment as to Marck's counterclaims.

Marck next argues that while a novation existed, the new agreement did not allow Mugworld to return all the coffee mugs for credit, only those deemed commercially unacceptable. Because the new agreement between the parties appeared ambiguous, the meaning of the new agreement presented a question of fact. *See Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1979). The district court's factual findings as to the meaning of the agreement should therefore be reviewed under the deferential clear error standard. *See Houston Exploration Co. v. Halliburton Energy Servs., Inc.*, 359 F.3d 777, 779 (5th Cir. 2004) (reviewing the

district court's factual findings in a bench trial under the clear error standard). A plausible finding of fact may not be reversed by a court of appeals, "even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson ex rel. Anderson v. Canton Mun. Separate Sch. Dist.*, 232 F.3d 450, 453 (5th Cir. 2000) (citation omitted). After reviewing the entire record, the district court was within its discretion to find whether an agreement to accept only commercially unacceptable mugs did or did not exist based on the evidence presented. Although a reasonable argument can certainly be made that some of the evidence indicates the parties contemplated that only commercially unacceptable mugs could be returned to Marck, an alternative reasonable interpretation of the evidence is not sufficient to establish clear error. Instead, the district court found that Mugworld was entitled to return any mugs it deemed as unacceptable under the novation. Therefore, the district court's interpretation of the new agreement is not clearly erroneous.

Marck also contends that no attorney's fees should be awarded because Mugworld sought recovery based on the original contract instead of the novation agreement. This court reviews awards of attorney's fees under an abuse of discretion standard. *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 656 (5th Cir. 2004). Texas law requires a plaintiff to segregate the hours worked among claims when the plaintiff seeks to recover fees in a case involving multiple claims, at least one of which supports a fee award and at least one of which does not. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d. 299, 310-11 (Tex. 2006). Mugworld did not assert separate and distinguishable claims for recovery. This dispute was simply a contract claim, on which Mugworld prevailed. The district court noted that Marck failed to cite any Texas cases mandating the sort of intra-claim segregation that it requests—and so do we. Because the district court found that Marck breached the new agreement

4

entitling Mugworld to an award of damages on the breach of contract claims, the district court did not abuse its discretion in awarding fees to Mugworld.

For the above reasons, the district court's judgment is AFFIRMED.